### WITHDRAWAL OF INCOMPETENT EVIDENCE.

Circuit Court of Cuyahoga County.

TONY CHICKO v. STATE OF OHIO.

Decided, March 7, 1904.

*Criminal Law—Trials—Error in Admission of Evidence Cured by Withdrawal of Evidence at Any Time.*

Where, in the trial of a criminal case, incompetent evidence offered by the state has been admitted over the objections of the defendant and exceptions noted, but such evidence is subsequently withdrawn and the jury clearly told to disregard it, the judgment should not be reversed for the admission of such evidence, unless it is manifest from the whole record that the jury disregarded the instructions of the court; and it is not important at what time the evidence is withdrawn from the consideration of the jury so long as it is clearly withdrawn before the case is finally submitted to them.

*Vessey, Davis & Manak,* for plaintiff in error.
*Harvey R. Keeler,* contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

Error to the court of common pleas.

The plaintiff in error was indicted, tried and convicted of murder in the second degree. He was charged in the indictment with killing Andrew Crouch, a street car conductor. On the trial evidence was given by the state tending to show the transaction which occurred between the deceased, Crouch, and the plaintiff in error at the time Crouch was killed. Thereupon the state, to further maintain the issues on its part, called as a witness Otto C. Hansel, who testified as to the difficulty between the deceased and plaintiff in error and the pursuit of the plaintiff in error by various persons immediately following the transaction upon the car and his arrest at a point a half a mile from the scene of the shooting. Thereupon the prosecuting attorney put to the witness this question: "What was said at the time he was arrested by any person present?" to which question the

defendant's counsel objected, but the court overruled the objection and the witness answered "Some one said 'lynch him and kill him.'" Counsel for plaintiff in error then said, "We ask that the jury be instructed to disregard the answer," which request on the part of the counsel was overruled, and an exception noted.

The state also called one David Bertram as a witness, and after showing that he was one of the persons who pursued the plaintiff in error after the shooting and was present at his arrest, the prosecuting attorney put to him the following question, "Do you recall anything that was said by any one to any one at that time?" to which counsel for plaintiff in error objected, the objection was overruled and an exception noted. The witness answered, "Some one said 'Lynch him.'" A request was made by counsel for plaintiff in error that this answer be withdrawn from the jury, which was overruled and exception noted.

The court in its charge to the jury, referring to this testimony, said:

"Another thing I want to say by way of caution. I want you jurymen to pay particular attention to it; that is, there was some testimony here admitted as to some things that were said by the crowd when they were in pursuit of the defendant. Somebody testified that somebody cried 'Lynch him.' I do not think that is competent testimony. Pay no attention to what was said by any witness on that subject; disregard it utterly; drive it out of your minds, because that testimony would not be competent and this man should not be prejudiced by it if it should in any way affect your minds. Everything of that sort should be entirely eliminated from your consideration."

It is quite clear that the court was correct in holding that this testimony was clearly incompetent and prejudicial. The court erred in its admission, and unless that error is cured by the withdrawal of the testimony from the consideration of the jury, in the part of the charge above quoted, the case should be reversed. But we hold that, where in the trial of a criminal case incompetent evidence offered by the state has been admitted over the objection of the defendant and exception noted, but subsequently withdrawn and the jury clearly told to disregard it, the

judgment should not be reversed for the admission of such testimony, unless it is manifest from the whole record that the jury disregarded the instructions of the court. This, we think, is in accordance with the rule which prevails in this state.

In *Mimms* v. *State of Ohio*, 16 O. S., 222, it was held:

"Where the court improperly overruled the objection of the defendant to testimony offered on the trial by the state, the judgment against him will not be reversed for such erroneous ruling when the court on motion of the defendant excluded all the testimony so given from the consideration of the jury and instructed them that it must be wholly disregarded."

It appears in this case that the testimony of which complaint is made was withdrawn from the consideration of the jury on motion of the defendant and that therefore he could not further complain of its introduction. This would seem to be a sufficient answer to the ruling made, but in this case, at the time the answer was given, counsel for the plaintiff in error asked in each instance that the answer given by the witness should be withdrawn from the jury. It is true that his request was overruled at the time, but subsequently, in the charge, in as emphatic and distinct an utterance as could be, the request was granted and the testimony withdrawn from the consideration of the jury. Many other cases might be cited giving some support to the holding we here make. I refer only to one other case, 17 Cir. Ct., 404.

It is said, however, that this withdrawal of the incompetent evidence came too late; that if the error in its admission could be cured at all by its withdrawal, that withdrawal must be made before the close of the evidence, or at least before the argument of counsel to the jury; that its withdrawal in the charge of the court to the jury comes too late, and this is the holding of the Supreme Court of Pennsylvania in the case of *Erie & W. V. R. Co.* v. *Amelia E. Smith*, 125 Pa. St., 259, in which it is said:

"Where evidence has been improperly received which tends to prejudice the minds of the jury, and motions made to strike it out at or before the close of the testimony are refused, a direction to the jury in the general charge to disregard the evidence and withdraw it from their consideration comes too late and does not cure the error of admitting it."

We are not inclined to follow that holding. We think the tendency of the reported decisions in our own state is not in accord with it. In the case of *Mimms* v. *State,* above referred to, it does not appear whether the testimony was withdrawn from the consideration of the jury before the charge or in the charge. It would seem not to be of the utmost importance when the testimony was taken from the jury, whether before the charge or in the charge to the jury. If the testimony was clearly and distinctly taken from the consideration of the jury at any time before the submission of the issues to them, it would seem to be sufficient. It can not be doubted that if the jury followed the plain and distinct instructions of the court in this case and wholly disregarded this testimony, that its introduction was without any prejudice to the plaintiff in error. There is nothing in the record of the case that gives any support to a claim that the instructions of the court were not followed by the jury. We are, therefore, of the opinion that there was no error upon the record of which the plaintiff in error can justly complain.

The judgment of the court of common pleas is affirmed.